**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

TRUSTEES OF THE SHEET METAL
WORKERS' LOCAL UNION NO. 100,
WASHINGTON, D.C. AREA PENSION
FUND, et al.,                                    *

    Plaintiffs,                          *

v.                                               Case No.: GJH-17-2563
                                                 *
LOHMEIER'S SHEET METAL, INC. et al.,
                                                 *
    Defendants.
                                                 *
\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION**

On September 5, 2017, Plaintiffs Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Pension Fund, Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Apprenticeship Fund, Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Vacation Fund, Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area 401(k) Fund, Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Recruitment Fund, Trustees of the Sheet Metal Workers' Local Union No. 100, Washington, D.C. Area Health Benefit Fund (collectively, "The Funds"), and International Association of Sheet Metal, Air, Rail, and Transportation Workers, Local Union No. 100 ("Local 100") brought this action against Defendants Lohmeier's Sheet Metal, Inc. and Terry Lee Lohmeier pursuant to the Employee Retirement and Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(3), 1132(a)(3), 1145, and the Labor-Management Relations Act, 29 U.S.C. § 185(a), to recover amounts owed to

1

the funds under the terms of a Collective Bargaining Agreement ("CBA") and for injunctive relief to require Defendants to submit to an audit pursuant to the terms of the CBA. ECF No. 1. The Clerk has entered default, and Plaintiffs have moved for a default judgment. ECF No. 8 No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiffs' Motion for Default Judgment is granted.

**I.     BACKGROUND[1]**

The Funds are multiemployer employee benefit plans as defined in 29 U.S.C. §§ 1002(3), 1002(37). ECF No. 1 ¶¶ 1-6. The Funds are established and maintained in accordance with their respective Agreement and Declarations of Trust. *Id*. Local 100 is a labor organization as defined in 29 U.S.C. § 152(5). *Id*. ¶ 7. The Funds and Local 100 are all located in Maryland. *Id*. ¶¶ 1-7. Defendant Terry Lee Lohmeier is a resident of the state of Maryland and an individual doing business as Defendant Lohmeier Sheet Metal, Inc. *Id*. ¶ 8. Defendants operate as a contractor or subcontract in the sheet metal industry, and at all times relevant to this action were employers "in an industry affecting commerce" as defined by ERISA, 29 U.S.C. §§ 1002(5), (9), (11), (12) and (14), and by the Labor Management Relations Act, 28 U.S.C. §§ 142(1), (3) and 152(2). *Id*. ¶ 10.

Plaintiffs allege that Defendants are bound by the terms of the CBA between Local 100 and the Sheet Metal and Air Conditioning Contractors National Association Mid-Atlantic Chapter (the "Association") effective July 1, 2014 through June 30, 2017. *Id*. ¶ 11. Specifically, the CBA bound Defendants to the Funds' Agreements and Declarations of Trust. *Id*. ¶ 19. Defendants were obligated to "submit reports and pay to [The Funds] certain sums of money for each hour worked by employees of the Defendants" covered by the CBA. *Id*. ¶ 16. Under the terms of the agreement, Defendants must pay this money each month. ECF No. 8-2 at 58. The Complaint originally alleged that Defendants failed to make these payments for the months of

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Complaint, ECF No. 1.

June and July, 2016, and February, March, May, June, and July, 2017. *Id*. ¶ 18. However, Defendants have since made the payments for those months and Plaintiffs now seek payments for the months of July through December, 2017. ECF No. 8 at 4. The CBA and the Agreements and Declarations of Trust contain provisions that hold an employer who defaults on these payments liable for an additional 20% of the unpaid contributions in liquidated damages and interest calculated at a rate of 12% per annum. *Id*. at 97. They also contain provisions requiring employers to "promptly furnish to the Board of Trustees on demand, any and all records relating to such Employer's Employees determined by the Board of Trustees to be needed to determine that the appropriate Contributions are being made to the Fund." *Id*. at 96.

The Complaint in this case was filed on September 5, 2017. ECF No. 1. The summons was returned executed on September 19, 2017. ECF No. 4. Defendants never filed a responsive pleading, and on February 7, 2018, Plaintiffs moved for an entry of default. ECF No. 5. On March 30, 2018, the Clerk entered default against Lohmeier's Sheet Metal, Inc. ECF No. 7. On April 18, 2018, Plaintiffs moved for default judgment in the amount of $23,562.91 and for an injunction to enforce the audit agreement. ECF No. 8. The amount sought consists of $16,038.37 in unpaid contributions due for work performed between July and December 2017; $753.62 in interest pursuant to the CBA's rate of 12% per annum; $3,207.67 in liquidated damages pursuant to the CBA; $3,073.25 in attorney's fees (constituting 13.75 hours of work); and $490.00 in costs. *See* ECF No. 8-2 at 97. Plaintiffs also seek an injunction requiring Defendants to "submit all payroll books and records to the Funds for an audit, at Defendants' expense, for the period of January 1, 2016 through the present." ECF No. 1 ¶ 27(c).

II. **STANDARD OF REVIEW**

"A defendant's default does not automatically entitle the plaintiff to entry of a default judgment: rather, that decision is left to the discretion of the court." *Choice Hotels Intern., Inc. v.*

3

*Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at * 2 (D. Md. Oct. 25.2011). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir.1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.*

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). The pleadings in the complaint must constitute a legitimate cause of action, as analyzed under the *Iqbal/Twombley* pleading standard. *Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). That is, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiffs must "provide sufficient detail" to show "a more-than-conceivable chance of success on the merits." *Upstate Forever v. Kinder Morgan Energy Partners*, 887 F.3d 637, 645 (4th Cir. 2018) (citing *Owens v. Balt. City State's Attorneys Ofice*, 767 F.3d 379, 396 (4th Cir. 2014)).

If the pleadings in the complaint constitute a legitimate cause of action, the Court must make an independent determination of damages. *See Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). In doing so, the Court need not "accept factual allegations regarding damages as true." *Id.* The Court may not, however, enter a default judgment that differs "in kind from, or exceed in amount, what is demanded in the pleadings." *Id.*

### III. DISCUSSION

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such

plan or agreement." 29 U.S.C. § 1145. Plaintiffs have plausibly alleged that Defendants were bound by the terms of the CBA between Local 100 and the Association, and by the Funds' Agreements and Declarations of Trust, that these agreements required monthly contributions for any hours worked by covered employees, and that Defendants failed to make those payments. Plaintiffs also plausibly allege that the CBA and the Agreements and Declarations of Trust require disclosure of records relating to Defendants' employees. Therefore, Plaintiff plausibly alleges that Defendants have violated ERISA.

Turning to damages, as a threshold matter, the Complaint requests unpaid contributions for the months of June and July, 2016, and February, March, May, June, and July, 2017. ECF No. 1 ¶ 26. Plaintiffs also request "all amounts owed to its employees and the Union under the terms of the Collective Bargaining Agreement through and including the date of judgment." *Id*. ¶ 27(D). Though Plaintiffs now seek, instead, payments for the months of July through December, 2017, this Court has repeatedly held that where plaintiffs seek "an additional unspecified amount that would become due in subsequent months . . . defendants properly 'had notice of what could be included in any additional damages." *See Trs. Of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-17-449, 2017 WL 4898264, at *5 (D. Md. Oct. 27, 2017) (citing *Trs. Of the Nat'l Automatic Sprinkler Indus. Welfare Fund v. Harvey*, No. GJH-15-521, 2016 WL 297425, at *6 (D. Md. Jan. 21, 2016)). Therefore, the award of damages for the months of July through December, 2017, does not violate the rule prohibiting a default judgment from differing "in kind from, or exceed[ing] in amount, what is demanded in the pleadings." *Samler*, 725 F. Supp. 2d at 494.

ERISA provides that if a court enters a judgment in favor of the Plaintiff, then the court's judgment shall award the plan:

(A) the unpaid contributions,
(B) interest on the unpaid contributions,

> (C) an amount equal to the greater of—
>     (i) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g). The CBA requires delinquent employers to pay 12% per annum interest and liquidated damages in the amount of 20% of the unpaid contributions.

Plaintiffs have submitted a sworn affidavit stating that remittance reports submitted by Defendants state that they owe $16,038.37 in unpaid contributions for the months of July through December, 2017. ECF No. 8-2 ¶ 4. The same affidavit states that the interest owed on these unpaid contributions, calculated at a rate of 12% per annum through April 6, 2018, amounts to $753.62. *Id*. ¶¶ 5-6; *id*. at 113. Liquidated damages on the unpaid contributions, calculated at a rate of 20%, amount to $3,207.67. *Id*. Plaintiffs have also submitted an affidavit swearing that their attorneys have spent a total of 13.75 hours to bring this action, at a rate of $289.00 per hour for attorney time and $145.00 per hour for paralegal time. ECF No. 8-3 ¶¶ 5-6. These rates are within the local guidelines and are reasonable. *See* Loc. R. App. B (D. Md. July 1, 2016). Plaintiffs' affidavit also swears to the incursion of reasonable costs, including a filing fee in the amount of $400.00 and a service of process fee of $90.00. The Court will thus enter judgment in the amount of $23,562.91 pursuant to 29 U.S.C. § 1132(g).

Plaintiffs have also established that the CBA and the Agreements and Declarations of Trust entitle Plaintiffs to review records sufficient for Plaintiffs to determine that the appropriate Contributions are being made to the fund. ECF No. 8 at 96. Defendants are thus ordered to furnish Plaintiffs with copies of these records.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment, ECF No. 8, is granted. A separate order shall issue.

Dated: March 13, 2019                          /s/
                                               GEORGE J. HAZEL
                                               United States District Judge